## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CEDRIC DENSON
c/o 519 H Street NW
Washington, DC 20001

      Plaintiff,

v.

DC RESTAURANT HOLDINGS, INC.
d/b/a THE HEIGHTS RESTAURANT AND
BAR
3115 14th Street NW
Washington, DC 20010

HEIGHTS TAPROOM, INC.
d/b/a THE HEIGHTS TAPROOM SEAFOOD
& GRILL
3115 14th Street NW
Washington, DC 20010

AMMAR DAOUD
6756 Baron Road
McLean, VA 22101

SANG AHN
a/k/a CHRIS AHN
6508 Ridgeway Drive
Springfield, VA 22150

Civil Action No. _____

## COMPLAINT

1.     Plaintiff has worked for Defendants at "The Heights Restaurant and Bar" and its successor, "The Heights Taproom Seafood & Grill," since 2014. At various times: Defendants paid Plaintiff less than the minimum wage, Defendants failed to pay Plaintiff overtime wages, and Defendants' only paid Plaintiff for the first eighty hours he worked each pay period.

2.     Plaintiff brings this action to recover damages for Defendants' willful failure to pay regular, minimum, and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

### Jurisdiction and Venue

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

### Parties

5.      Plaintiff Cedric Denson is an adult resident of the District of Columbia.

6.      Defendant DC Restaurant Holdings, Inc. is a District of Columbia corporation. It did business as The Heights Restaurant and Bar ("Heights Restaurant"). Its principal place of business was located at 3115 14th Street NW, Washington, DC 20010. Its registered agent for service of process is Professional Registered Agents, Inc., 2600 Virginia Avenue NW, Suite 1112, Washington, DC 20037.

7.      Defendant Heights Taproom, Inc. is a District of Columbia corporation. It does business as The Heights Taproom Seafood & Grill ("Heights Taproom"). Its principal place of business is located at 3115 14th Street NW, Washington, DC 20010. Its registered agent for service of process is Ace Corporate Services, Inc., 2406 Chain Bridge Road NW, Washington, DC 20016.

8.      Defendant Ammar Daoud is an adult resident of Virginia. He resides at 6756 Baron Road, McLean, VA 22101. He is an owner and officer of Defendant DC Restaurant Holdings,

Inc. He exercised control over the operations of DC Restaurant Holdings, Inc. — including its pay practices.

9.      Defendant Sang Ahn is an adult resident of Virginia. He resides at 6508 Ridgeway Drive, Springfield, VA 22150. He is an owner and officer of Defendant Heights Taproom, Inc. He exercises control over the operations of Heights Taproom, Inc. — including its pay practices.

## Factual Allegations

10.     From 2014 through approximately September 2017, Defendant Ammar Fahhad Daoud owned and operated The Heights Restaurant, located at 3115 14th Street NW, Washington, DC 20010.

11.     In approximately September 2017, Defendant Ammar Fahhad Daoud sold The Heights Restaurant to Defendant Sang Ahn.

12.     At the time of the sale, Defendant Sang Ahn knew of The Heights Restaurant's pay practices.

13.     After the sale, Defendant Sang Ahn continued to employ the majority of The Heights Restaurant's staff, and continued to use the equipment and fixtures of The Heights Restaurant.

14.     After the sale, Defendant Sang Ahn changed the restaurant name to The Heights Taproom.

15.     In 2014, Plaintiff started working at The Heights Restaurant.

16.     Plaintiff has worked at The Heights Restaurant and its successor, The Heights Taproom, from 2014 through the present.

17.     At all relevant times, Plaintiff has worked as a server and busser.

18.     Plaintiff's job duties have primarily consisted of bussing tables, serving food, setting up tables before the restaurant opens, completing takeout orders, polishing glasses and silverware, and cleaning the restaurant.

19.    Plaintiff has typically and customarily worked 40.0–62.5 hours per week.

20.    At all relevant times, Defendants paid Plaintiff by the hour.

21.    At all relevant times, Plaintiff typically and customarily received tips. However, Defendants' wage and hour practices make them ineligible to claim a tip credit, because, among other reasons:

        a.    Defendants failed to pay Plaintiff enough in cash wages to guarantee that the sum of his wages and tips equaled the D.C. minimum wage set by the DCMWA;

        b.    Defendants failed to pay Plaintiff the minimum cash wage for a tipped employee set by the DCMWA;

        c.    Defendants failed to pay Plaintiff overtime wages; and

        d.    Defendants did not pay Plaintiff *any* wage for the hours he worked over eighty in a pay period.

22.    The sum of Plaintiff's wages and tips was often less than the minimum wages Plaintiff should have earned for the hours he worked.

23.    For example, during the pay period from November 14, 2016 through November 27, 2016, Plaintiff worked 81.50 hours and earned a total of $792.22 (wages + tips). *See* Exhibit A. As a result, Defendants paid Plaintiff an effective hourly rate of $9.72 ($792.22 ÷ 81.50 hours), even though the applicable minimum wage was $11.50. *See* D.C. Code § 32-1003(a).

24.    At all relevant times, Plaintiff frequently worked more than 40 hours per workweek.

25.    However, Defendants often did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of 40 in a workweek. Instead, Defendants often paid Plaintiff the same regular hourly rate across all hours worked.

26.     For example, during the pay period from October 16, 2017 through October 29, 2017, Plaintiff worked 110.67 hours, and he was paid $2.77 across all hours worked. *See* Exhibit B.

27.     Additionally, Defendants did not always pay Plaintiff the minimum wage for a tipped employee that is specified by the DCMWA.

28.     For example, from approximately October 16, 2017 to approximately December 10, 2017, Defendants paid Plaintiff an hourly wage of $2.77. *See id*. At that time, the D.C. minimum wage for a tipped employee was $3.33. *See* D.C. Code § 32-1003.

29.     Finally, Defendants did not pay Plaintiff *any* wages for some of his work.

30.     For example, during the pay period of March 4, 2019 through March 17, 2019, Plaintiff worked 92.33 hours. *See* Exhibit C. However, Defendants paid Plaintiff for only 80 hours during this period. *Id.*

31.     For his work from May 15, 2016 through September 30, 2017, Plaintiff is owed approximately $22,000.00 in unpaid wages (excluding liquidated damages).

32.     For his work performed on or after October 1, 2017, Plaintiff is owed approximately $39,000.00 in unpaid wages (excluding liquidated damages).

33.     For his work over the last three years, Plaintiff is owed approximately $61,000.00 in regular, minimum, and overtime wages.

34.     In paragraphs 35–48, "at all relevant times" means:

        a.     with respect to Defendants Ammar Daoud and DC Restaurant Holdings, Inc., from June 3, 2016 through September 2017; and

        b.     with respect to Defendants Sang Ahn and Heights Taproom, Inc., from September 2017 through the present.

35.     At all relevant times, Defendants Ammar Daoud and Sang Ahn hired and fired employees at the restaurant where Plaintiff worked.

36.     At all relevant times, Defendants Ammar Daoud and Sang Ahn set Plaintiff's hourly rate.

37.     At all relevant times, Defendants Ammar Daoud and Sang Ahn signed Plaintiff's paychecks.

38.     At all relevant times, Defendants Ammar Daoud and Sang Ahn set Plaintiff's work schedule.

39.     At all relevant times, Defendants had the power to hire and fire Plaintiff.

40.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

41.     At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

42.     At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

43.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

44.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

45.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

46.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

47.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

48.     At all relevant times, Defendants had employees who handled food and drinks, such as chicken, vegetables, and beer that had been raised, grown, or produced outside of the District of Columbia.

## COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

49.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

50.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

51.     The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

52.     The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

53.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

54.     Defendants violated the FLSA by knowingly failing to pay Plaintiff the required minimum wage.

55.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

56.     Defendants' violations of the FLSA were willful.

57.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid

minimum, and overtime wages, an equal amount as liquidated damages, reasonable attorney's

fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II

## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

58.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

59.     Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C.

Code § 32-1002(3).

60.     The DCMWA requires that employers pay non-exempt employees at least $10.50 per

hour from July 1, 2015 through June 30, 2016, $11.50 per hour from July 1, 2016 through June

30, 2017, $12.50 per hour from July 1, 2017 through June 30, 2018, and $13.25 per hour from

July 1, 2018 through the present. D.C. Code § 32-1003(a).

61.     The DCMWA requires employers to pay non-exempt employees one and one-half times

their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C.

Code § 32-1003(c).

62.     Defendants violated the DCMWA by knowingly failing to pay the required minimum

wage to Plaintiff.

63.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and

one-half times his regular hourly rate for hours worked in excess of forty hours in any one work-

week.

64.     Defendants' violations of the DCMWA were willful.

65.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid

minimum and overtime wages, an amount equal to three times the unpaid regular, minimum and

overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

66.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

67.     Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

68.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

69.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

70.     For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

71.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including regular, minimum, and overtime wages.

72.     Defendants' violations of the DCWPCL were willful.

73.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against De-

fendants, jointly and severally, on all counts, in the current total amount of **$252,980.00**, and

grant the following relief:

a.      Award Plaintiff $244,000.00, consisting of the following overlapping elements:

    i.      unpaid overtime, plus an equal amount as liquidated damages, pursuant to

    the FLSA, 29 U.S.C. § 216;

    ii.      unpaid D.C. minimum and overtime wages, plus three times the amount of

    unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-

    1012;

    iii.      unpaid regular, D.C. minimum, and overtime wages, plus three times the

    amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C.

    Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix ap-

proved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated

to account for the current market hourly rates for attorney's services, pursuant to the

DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $8580.00);

d.      Award Plaintiff court costs (currently, $400.00); and

e.      Award any additional relief the Court deems just.

Date: June 3, 2019                          Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*