UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CEDRIC DENSON<br><br>*Plaintiff*,<br><br>v.<br><br>DC RESTAURANT HOLDINGS, INC. *et al.*,<br><br>*Defendants*. | No. 1:19-cv-01609 (DLF) |

**MEMORANDUM OPINION**

Before the Court is the plaintiff's Motion for Default Judgment against defendants Myong Pae and Dong Park. Dkt 38. For the following reasons, the Court will grant the motion.

**I.   BACKGROUND**

Plaintiff Cedric Denson brings this suit under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, the District of Columbia Minimum Wage Revision Act (DCMWA), D.C. Code § 32–1001 *et seq.*, and the District of Columbia Wage Payment and Collection Law (DCWPCL), D.C. Code § 32–1300 *et seq.* Denson worked as a server and busser at a restaurant owned by the defendants, named The Heights Taproom, from approximately October 2, 2017 through June 16, 2019. Mot. for Default J. at 2, Dkt. 38. Denson alleges that throughout the entirety of his employment with the defendants, he was never paid at an overtime rate for weeks in which he worked over 40 hours. Am. Compl. ¶¶ 21–22, Dkt. 14.[1] He also alleges that some weeks he was paid less than minimum wage, *id.* ¶¶ 23–24, and that other weeks he was not paid

---

[1] On a motion for default judgment following the entry of default, courts construe the well-pleaded allegations of the complaint as admitted. *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 68 (D.D.C. 2011).

1

at all, *id.* ¶¶ 25–26.  Denson claims that his total amount of unpaid wages is approximately $60,000.  *Id.* ¶ 27.

Denson filed his original complaint on June 3, 2019.  Dkt. 1.  He filed his second amended complaint that was amended to include defendants Pae and Park on October 7, 2019.  Dkt. 14.  Pae and Park were individually served with the amended complaint and summons on October 8, 2019.  Dkt. 16, 17.  Because neither Pae nor Park answered or otherwise responded to the complaint within the time required by Federal Rule of Civil Procedure 12, Denson requested an entry of default.  Dkt. 22.  The Clerk of Court then entered default on January 6, 2020.  Dkt. 28.  Denson then moved this Court to enter a default judgement under Rule 55(b)(2) of the Federal Rules of Civil Procedure.  Dkt. 38.  The motion is now ripe for review.

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure empower district courts to enter default judgment against a defendant who fails to defend its case.  Fed. R. Civ. P. 55(b)(2); *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980).  Although courts generally favor resolving disputes on their merits, default judgments are appropriate "when the adversary process has been halted because of an essentially unresponsive party."  *Mwani v. Bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (citation omitted).

Obtaining a default judgment is a two-step process which "allows the defendant the opportunity to move the court to set aside the default before the court enters default judgment." *Carpenters Labor-Mgmt. Pension Fund v. Freeman-Carder LLC*, 498 F. Supp. 2d 237, 239 n.1 (D.D.C. 2007).  First, the plaintiff must request that the Clerk of Court enter default against a party who has failed to plead or otherwise defend.  Fed. R. Civ. P. 55(a).  The Clerk's entry of default establishes the defendant's liability for the well-pleaded allegations in the

complaint. *Boland v. Providence Constr. Corp.*, 304 F.R.D. 31, 35 (D.D.C. 2014). Second, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b). At that point, the plaintiff "must prove his entitlement to the relief requested using detailed affidavits or documentary evidence on which the court may rely." *Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 103 (D.D.C. 2015) (internal quotation marks and alterations omitted). "[T]he defendant's default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief." *Jackson v. Corr. Corp. of Am.*, 564 F. Supp. 2d 22, 27 (D.D.C. 2008) (citation omitted).

When ruling on a motion for default judgment, a court "is required to make an independent determination of the sum to be awarded." *Fanning v. Permanent Sol. Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C. 2009) (internal quotation marks omitted). In that inquiry, the court has "considerable latitude." *Ventura*, 134 F. Supp. 3d at 103 (internal quotation marks omitted). The court may conduct a hearing to determine damages, Fed. R. Civ. P. 55(b)(2), but is not required to do so "as long as it ensures that there is a basis for the damages specified in the default judgment," *Ventura*, 134 F. Supp. 3d at 103 (internal quotation marks and alterations omitted).

III.   ANALYSIS

Due to the Clerk's entry of default in this case, the defendants are liable for the well-pleaded allegations in Denson's complaint, *Providence Constr.*, 304 F.R.D. at 35, including the allegation that they failed to pay "regular, minimum, and overtime wages" in violation of the FLSA, DCMWA, and DCWPCL. These statutes entitle Denson to a minimum wage of $12.50 per hour, plus overtime pay equal to 150% of that amount, for the hours he worked between October 2, 2017 and June 29, 2018, as well as $13.25 per hour, with the same overtime

adjustment, for the hours he worked between July 1, 2018 and June 6, 2019. *See* D.C. Code §§ 32-1003(a)(5)(A), (c). In this action, he may recover the difference between the above entitlement and the actual wages that the defendants paid during that period—an amount that equals $45,637.82. *See* Mot. for Default Judgment Ex. C, Dkt. 38-3 (containing information on Denson's hours worked and wages received).

The defendants are not entitled to any offset from that amount. As a general matter, the FLSA permits an employer to "pay an employee less than the federally-mandated minimum wage if the employee earns enough in tips to make up the difference." *Lopez v. Timeco, Inc.*, 270 F. Supp. 3d 8, 8 (D.D.C. 2017); *see* 29 U.S.C. § 203(m). But an employer is not eligible to take this credit "unless such employee has been informed by the employer of the provisions of" the tip credit. 29 U.S.C. § 203(m)(2); *see* 29 C.F.R. § 531.59. Here, Denson alleges that Pae and Park never gave such notice. *See* Mot. for Default Judgment Ex. A (Denson Aff.) ¶ 10, Dkt. 38-1. And although that allegation does not appear in his complaint, the tip credit is "considered an affirmative defense to a claim of underpayment rather than an element Plaintiffs [are] required to raise in their complaint." *Bergstrom v. Coco Pazzo of Ill., LLC*, 2017 WL 1134476 at *1 (N.D. Ill. Mar. 27, 2017); *see also Melendez v. Poy Loung DC Grp., LLC*, 2018 WL 4637007, at *13 (D.D.C. Sept. 27, 2018) (treating the tip credit as such). The defendants did not raise the defense here. Accordingly, the defendants have not met their "burden of establishing [their] entitlement to the tip credit." *Montano v. Montrose Rest. Assocs., Inc.*, 800 F.3d 186, 189 (5th Cir. 2015).

At the same time, Denson may not include the tips he received in calculating his unpaid overtime wages. Federal law provides that "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed." 29 C.F.R. § 778.107; *see also* D.C. Code §§ 32-1003(c). In his motion for a default judgment and

accompanying calculations, Denson argues, without any authority, that his "regular rate" is equal to either the sum of his paid wages and tips or the applicable minimum wage, whichever is higher in any given week.[2]  *See* Resp. to Min. Order at 3–4, Dkt 40.  Applying that method, he would be entitled to $50,539.65 in regular wages and $20,110.61 in overtime wages—an amount that, minus the wages he already received, would produce a litigation award of $55,147.53.  But it is well-settled that that "[a]ny tips received by the employee in excess of the tip credit need not be included in the regular rate" because "[s]uch tips are not payments made by the employer to the employee as remuneration for employment within the meaning of the Act."  29 C.F.R. § 531.60.  In other words, when an employer may not claim a tip credit, the amount of tips received is irrelevant to its employees' FLSA damages.  *See Ventura*, 738 F. Supp. 2d at 18–19.  Accordingly, Denson's regular rate simply equals the D.C. minimum wage: $12.50 per hour before July 1, 2018 and $13.25 per hour after.  And applying those rates, he is in fact entitled to $44,406.29 in regular wages and $16,734.27 in overtime wages—an amount that, minus the wages he already received, equals an award of $45,637.82.  It is for those reasons that the Court awards $45,637.82 in unpaid wages, rather than the amount that Denson requested.

In addition to his unpaid wages, Denson is entitled to liquidated damages.  The FLSA states that an employer who fails to pay an employee minimum wage or overtime must pay the wages owed and "an addition equal amount as liquidated damages."  29 U.S.C. § 216(b).  The DCMWA separately provides an employer failing to pay minimum wage and overtime must pay the unpaid wages "and an additional amount as liquidated damages equal to treble the amount of

---

[2] The Court specifically requested support for Denson's calculations in a Minute Order issued on October 8, 2021, which noted that Denson appears to have "erred . . . [in] calculat[ing] the proper payment owed . . . by multiplying the hours worked by [his] 'effective hourly rate' instead of the D.C. minimum wage."  Denson's response to that Order did not contain any statute, regulation, or judicial opinion that supports his seemingly novel approach.  *See* Resp. to Min. Order at 3–4.

unpaid wages." D.C. Code § 32-1012(b)(1). These provisions are not cumulative; "[s]ince D.C. law is more generous to employees on the relevant points, the Court will ... assess damages under D.C. law and will not award a duplicative amount pursuant to federal law." *Ventura*, 134 F. Supp. 3d at 104. As mandated by the DCMWA, Denson is entitled to his unpaid wages in addition to treble damages. Accordingly, the Court finds that Denson is entitled to $182,551.28 in both unpaid wages and liquidated damages.

The only remaining issue in this case concerns attorney's fees. "The FLSA and the DCMWA *require* an award of reasonable attorney's fees and costs to employees whose rights are violated under those statutes." *Martinez Ramos v. Justin's Cafe, LLC*, 2020 WL 1905188, at *3 (D.D.C. Apr. 16, 2020); 29 U.S.C. § 216(b); D.C. Code §§ 32-1012(a), 32-1308(b). Attorney's fees are reasonable if they are "in line with those prevailing in the District of Columbia for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Covington v. Dist. of Columbia*, 57 F.3d 1101, 1103 (D.C. Cir. 1995). The DCWPCL provides for calculation of attorney's fees the use of the *Laffey* matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), "updated to account for the current market hourly rates for attorney's services," D.C. Code Ann. § 32-1308(b)(1). Using the updated matrix, plaintiff's counsel requests $11,207.60 in attorney's fees, plus $210.00 in costs. Mot. for Default J. at 9. According to their affidavit, attorneys Justin Zelinkovitz and Jonathan Tucker both charged at a rate of $759 per hour, which is consistent with the updated *Laffey* Matrix. *See id.* Ex. E ¶ 4, Dkt. 38-5. Plaintiff's counsel only requests fees for work completed after the second amended complaint was filed to include defendants Park and Pae on October 7, 2019. After reviewing the itemized hours of plaintiff's counsel, it does not appear that the tasks completed were "duplicative, excessive, or otherwise unnecessary." *Ventura v. Bebo Foods,*

*Inc.*, 738 F. Supp. 2d 8, 34 (D.D.C. 2010).  The Court accordingly finds that the request of $11,417.60 in attorney's fees and costs is reasonable.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion for default judgment is granted.  A separate order consistent with this decision accompanies this memorandum opinion.

_____
DABNEY L. FRIEDRICH
United States District Judge

October 27, 2021